UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JASON KIANG,<br><br>          Plaintiff,<br><br>     v.<br><br>NATIONWIDE LIFE AND ANNUITY<br>INSURANCE COMPANY,<br><br>          Defendant. | Case No.  3:23-cv-04861-JSC<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 17 |

Jason Kiang filed this case in state court against two defendants: Nationwide Life and Annuity Insurance Company ("Nationwide"), a diverse defendant, and the Commissioner of the California Department of Insurance, an in-state Defendant. Nationwide removed this case, asserting the in-state Defendant was fraudulently joined.  The Court found Plaintiff has some possibility of stating a viable claim against the in-state Defendant and granted Plaintiff's first motion to remand.

Back in state court, Nationwide moved to sever Plaintiff's claim against the in-state Defendant from Plaintiff's claim against Nationwide.  The state court severed that claim, leaving Nationwide as the only defendant in this case.  Nationwide again removed the case to federal court, and Plaintiff again moved to remand, this time on the basis of the judge-made voluntary-involuntary rule. Having carefully reviewed the parties' submissions, and having the benefit of oral argument on November 16, 2023, the Court DENIES Plaintiff's motion to remand.  Allowing remand in this scenario serves none of the purposes of the voluntary-involuntary rule and would only encourage plaintiffs to improperly join in-state defendants to defeat diversity jurisdiction.

//

//

**BACKGROUND**

Jason Kiang sued Nationwide and Ricardo Lara, Commissioner of the California Department of Insurance, in the Superior Court of California, County of San Francisco. (Dkt. No. 1-1 at 2.)  Nationwide removed the action to this Court, asserting Lara was fraudulently joined, and without Lara, there would be complete diversity between the parties. *See* 28 U.S.C. § 1332. Kiang moved to remand.  The Court granted Plaintiff's motion to remand on the grounds Kiang could possibly state a claim against Lara.  (*Kiang v. Nationwide Life and Annuity Insurance Co., et al.*, 3:23-cv-02073, Dkt. No. 27.)

After returning to state court, the Superior Court of California severed Kiang's claims against Nationwide from the writ claim against Lara.  (Dkt. No. 1-1 at 684-85.)  The court explained: "Joining a writ action against the insurance commissioner to a bad faith case against an insurer is a recurring tactic by this plaintiffs' counsel.  The tactic has been rejected by severance four times in recent years by three judges of this court." (*Id.* at 685 (citations omitted)). Nationwide again removed the action to this Court, asserting diversity jurisdiction: Kiang is domiciled in California, and Nationwide is domiciled in Ohio.  (Dkt. No. 1 ¶¶ 23-24.)  Kiang has again moved to remand.  (Dkt. No. 17.)

**DISCUSSION**

According to the federal removal statute, 28 U.S.C. § 1441(a),

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

When, as here, federal jurisdiction is based on diversity of citizenship, the action is removable only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b).  The statute provides further:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, **order** or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.A. § 1446(b)(3)(emphasis added).  Here an "order" by the state court severing the in-

2

1   state defendant created complete diversity between the parties.  Both parties agree the amount in

2   controversy is over $75,000.   So, according to the removal statute's plain meaning, Nationwide

3   should be able to remove the case within 30 days of that state order of severance.  *See Bolger v.*

4   *Utermohlen*, 485 F. Supp. 3d 588, 589 (E.D. Pa. 2020) (finding the plain language of 1446(b)(3)

5   warrants removal in this circumstance).

6           However, judges have created an exception to the plain language of the removal statute.

7   The voluntary-involuntary rule provides "when an event occurring after the filing of a complaint

8   gives rise to federal jurisdiction, the ability of a defendant to remove is not automatic," instead "a

9   suit which, at the time of filing, could not have been brought in federal court must 'remain in state

10  court unless a 'voluntary' act of the plaintiff brings about a change that renders the case

11  removable.'"  *People of State of Cal. By & Through Lungren v. Keating*, 986 F.2d 346, 348 (9th

12  Cir. 1993) (quoting *Self v. Gen. Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978)).  Plaintiff argues

13  "[n]o voluntary act by plaintiff made this case removable" because the severance was "granted

14  over Plaintiff's opposition," so the voluntary-involuntary rule requires remand.  (Dkt. No. 17 at 9.)

15          The voluntary-involuntary rule originated in in the nineteenth century case of *Powers v.*

16  *Chesapeake & O. Ry.*, 169 U.S. 92 (1898).  *See Self v. Gen. Motors Corp.*, 588 F.2d 655, 657 (9th

17  Cir. 1978) (describing the history of the voluntary-involuntary rule); *In re Johnson & Johnson*

18  *cases*, No. 2:15-CV-05311-JGB-SPx, 2015 WL 5050530, at *4 (C.D. Cal. Aug. 24, 2015) (same).

19  The removal statute has been amended since the voluntary-involuntary rule was developed: in

20  1948, Congress amended the Judicial Code and first created 28 U.S.C.A. § 1446(b).  *See City of*

21  *Buffalo v. Spann Realty Corp*, 80 F. Supp. 171, 173–74 (W.D.N.Y. 1948), *aff'd sub nom. City of*

22  *Buffalo v. Plainfield Hotel Corp.*, 177 F.2d 425 (2d Cir. 1949) (describing the differences between

23  the 1948 removal statute in § 1446(b) and the pre-1948 removal statute, 28 U.S.C.A. § 72).  In

24  1949, Congress amended the removal statute to indicate even if the initial pleading was not

25  removable, defendant could move for removal within 30 days of an "order . . . from which it may

26  first be ascertained that the case is one which is or has become removable."  Act of May 24, 1949,

27  63 Stat. 101, ch. 139, § 83.  According to the legislative history, this amendment was "intended to

28  make clear that the right of removal may be exercised at a late state of the case if the initial

3

1    pleading does not state a removable case but its removability is subsequently disclosed." House

2    Report No. 81-352, 1949 U.S.C.C.A.N. 1254, 1268 (March 30, 1949); *see also Bolger*, 485 F.

3    Supp. 3d at 589 (describing the impact of the 1949 amendment on the removal statute). So, the

4    1949 removal statute's amendment indicates a court's "order" can provide the basis for a

5    defendant to remove a case, thereby seeming to overrule the judge-made voluntary-involuntary

6    rule.

7           The Ninth Circuit, however, has held the 1949 amendment to the removal statute does not

8    alter the voluntary-involuntary rule. *Self v. Gen. Motors Corp.*, 588 F.2d 655, 658 n.4 (9th Cir.

9    1978) (explaining while the removal statute "was amended to substantially its present form in

10   1949 . . . The voluntary-involuntary rule was not altered by that amendment."). So, the Court

11   follows Ninth Circuit precedent and finds the voluntary-involuntary rule remains in effect, despite

12   the language of the current removal statute.

13          While the voluntary-involuntary rule is still alive in the Ninth Circuit, the Ninth Circuit has

14   never addressed whether the voluntary-involuntary rule applies to the facts of the present case:

15   when a state court has severed any in-state defendants from the case, thereby creating diversity

16   jurisdiction. The Fifth Circuit has expressly held the voluntary-involuntary rule does not apply in

17   such a circumstance. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir.

18   2006) (holding "removal on the basis of an unappealed severance, by a state court, of claims

19   against improperly joined defendants is not subject to the voluntary-involuntary rule"). If a

20   defendant "move[s] to sever" claims "on misjoinder grounds before removal," and the state court

21   grants the motion, thereby creating complete diversity between the remaining parties, then "the

22   case becomes removeable" and the voluntary-involuntary rule does not apply. *Williams v.*

23   *Homeland Ins. Co. of New York*, 18 F.4th 806, 817 (5th Cir. 2021); *see also In re Roundup Prod.*

24   *Liab. Litig.*, 396 F. Supp. 3d 893, 898 n.2 & 901 n.5 (N.D. Cal. 2019) ("the Court agrees with and

25   will adhere to those decisions concluding that the voluntary-involuntary rule does not defeat

26   removal of a diverse plaintiff following a state court's severance order").

27          This Court, too, concludes the voluntary-involuntary rule is inapplicable following state-

28   court severance of in-state parties. The voluntary-involuntary rule serves two primary goals: (1)

United States District Court
Northern District of California

4

United States District Court
Northern District of California

finality and (2) respecting the plaintiff's choice of forum.  *See Haeck v. 3M Co.*, No. 23-CV-00045-EMC, 2023 WL 2330420, at *4–5 (N.D. Cal. Mar. 1, 2023) (explaining the "two rationales for the voluntary/involuntary rule": "The first rationale is predicated on the plaintiff being the master of her own complaint," citing *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281–82 (1918); and the "second rationale for the voluntary/involuntary rule is that the rule contributes to judicial economy. Removal following an involuntary dismissal may be only temporary: the plaintiff may appeal the dismissal in state court, and success on appeal would lead to the reinstatement of the non-diverse party, destroying federal jurisdiction and compelling remand to the state court," citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992)).  *But see Self*, 588 F.2d at 658 ("If the finality of state court proceedings were the basis for the rule, it would seem that once the appellate process were ended in the state courts, removal would be possible. The Supreme Court, however, apparently does not rely on this basis."); *Shemp v. Yamaha Corp. of Am.*, No. 2:06-CV-00565-KJD-GWF, 2006 WL 2669185, at *3 n.2 (D. Nev. Sept. 18, 2006) ("The Ninth Circuit, however, does not subscribe to the reasoning that appealability/finality is the primary (or even a) purpose beyond the voluntary-involuntary rule") (citing *Self*, 588 F.2d at 658); *Martin Def. Grp., LLC v. Aspen Am. Ins. Co.*, No. CV 23-00166-SOM-KJM, 2023 WL 5387348, at *5 n.5 (D. Haw. Aug. 22, 2023) ("In the Second Circuit, the efficiency rationale is a key reason for the voluntary–involuntary rule. . . . In the Ninth Circuit, this rationale may have a lesser role.").

Neither purpose is served here.  First, finality is not a concern, since, as Plaintiff concedes, the severance order is not appealable.  (*See* Dkt. No. 17 at 12 n.1 ("Plaintiff disagrees with the state court's order severing his claims against the Commissioner in this case, but that order is not appealable.").)  Since the state court order severing Plaintiff's claims is final, there is no risk of an appeal later eliminating the Court's basis for subject matter jurisdiction.  Second, while Plaintiff's choice-of-forum is entitled to some deference, "it is equally true that the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right." *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185-86 (1907); *see also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) ("The fraudulent joinder exception to the voluntary-involuntary rule is designed to prevent plaintiffs from blocking removal by

joining nondiverse and/or in-state defendants who should not be parties. That salutary purpose is also served by recognizing an exception to the voluntary-involuntary rule where defendants are improperly, though not fraudulently, joined.").  The record here establishes Plaintiff joined his claim against the insurance commissioner with his claim against the insurer to defeat removal.  As the state court found, such joinder was not proper under state law.

At the hearing, Plaintiff argued deference to Plaintiff's choice of forum was a sufficient reason to apply the voluntary-involuntary rule to this case, citing *Haeck v. 3M Co.*, No. 23-CV-00045-EMC, 2023 WL 2330420, (N.D. Cal. Mar. 1, 2023).  While *Haeck* involved a defendant whose claims had been severed, the defendant did not assert the voluntary-involuntary rule was inapplicable because of that severance; instead, defendant argued against "the voluntary/involuntary rule because it is an atextual limitation on the plain language of 28 U.S.C. § 1446(b)(3)".  *Haeck*, 2023 WL 2330420 at *5; *see also* No. 23-CV-00045-EMC, Dkt. No. 28.

Plaintiff further argues *Self v. Gen. Motors Corporation*, is binding precedent, and the Court must follow *Self* and apply the voluntary-involuntary rule to this case using a "formalistic approach," without any consideration of the policy reasonings for the rule. 588 F.2d 655, 658 (9th Cir. 1978).  In *Self*, the Ninth Circuit explained:

> a case . . . cannot be converted into a removable one by evidence of the defendant or by an order of the court upon any issue tried upon the merits, but that such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff or, where the case is not removable because of joinder of defendants, by the voluntary dismissal or nonsuit by him of a party or of parties defendant.

*Self*, 588 F.2d at 659.  Plaintiff insists *Self* establishes since "the case [was] not removable because of joinder of defendants" originally, the case can only be removable by "the voluntary dismissal or nonsuit by [Plaintiff] of a party."  (Dkt. No. 17 at 11.)  However, before 1990, the federal removal statute permitted a defendant to remove the entire action to federal court if a separable and independent cause of action existed between a defendant and a diverse plaintiff.  *See Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 9 (1951) (explaining the 1948 removal statute, which stated: "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action,

6

1    the entire case may be removed and the district court may determine all issues therein, or, in its

2    discretion, may remand all matters not otherwise within its original jurisdiction."); Judicial

3    Improvements Act of 1990, PL 101–650, December 1, 1990, 104 Stat 5089 (amending 28 U.S.C.

4    § 1441(c), "by striking out ', which would be removable if sued upon alone' and inserting in lieu

5    thereof 'within the jurisdiction conferred by section 1331 of this title.'"); *see also In re Johnson &*

6    *Johnson cases*, 2015 WL 5050530, at *5 (explaining the effect of the 1990 amendment to the

7    federal removal statute).  Plaintiff fails to explain why *Self*, which was decided before the 1990

8    amendments to the removal statute, continues to apply to the amended statute.  And, in any event,

9    *Self* did not involve a state court severance based on improper joinder; instead, *Self* was decided

10   after a "final judgment . . . made on the merits of the case" removed the in-state defendant "from

11   the proceedings."  *Id.* at 660.  Here, in contrast, no decision was made on the merits as to the in-

12   state defendant in this case—instead, that defendant was severed from the current case, allowing

13   Plaintiff to pursue any claims against the in-state defendant in a separate case.

14        Finally, this case illustrates the logical absurdity of adopting Plaintiff's proposal.  Plaintiff

15   asserts "there are only two questions: (1) whether the complaint was removable when it was filed

16   and (2) if not, whether the event creating removability occurred through a voluntary act by the

17   plaintiff."  (Dkt. No. 19 at 4, citing *Self*, 588 F.2d at 659.)  So, according to Plaintiff, "Plaintiff has

18   the power to name defendants in his complaint, including non-diverse defendants like the

19   Commissioner, and to determine the forum in which the complaint is filed."  (*Id.* at 5.)  While

20   Plaintiff has the power to determine the forum in which his complaint is filed, that power is not

21   without limits.  If the Court were to adopt Plaintiff's proposed rule, any plaintiff could always

22   defeat diversity jurisdiction by joining an entirely unrelated claim against a resident defendant—

23   even if the plaintiff had no intention of ever prosecuting that claim.  Defendants would be

24   powerless to prevent such behavior, since so long as the plaintiff objected to a defendant's motion

25   to sever the claims, the plaintiff could claim the severance was involuntary.  The rules of civil

26   procedure are not meant to reward such forum-gamesmanship.

27        The "voluntary-involuntary" rule is a judicially created doctrine that conflicts with the text

28   of 28 U.S.C.A. § 1446(b)(3).  In the Ninth Circuit, that doctrine has never been applied to a state-

United States District Court
Northern District of California

7

court severance resulting in complete diversity between the parties.  The Court will not extend the doctrine's application to that situation now, especially absent any compelling justification to do so. *See McGirt v. Oklahoma*, 140 S. Ct. 2452, 2468 (2020) (explaining when interpreting legislation, the court must "ascertain and follow the original meaning of the law before" it).

## CONCLUSION

For the reasons stated above, Plaintiff's motion to remand is DENIED. The Initial Case Management Conference set for December 21, 2023, at 1:30 p.m. before Judge Jacqueline Scott Corley by a Zoom webinar. A Joint Statement is due by December 14, 2023.

**IT IS SO ORDERED.**

This Order disposes of Docket Number: 17.

Dated: November 20, 2023

JACQUELINE SCOTT CORLEY
United States District Judge